UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23103-CIV-COOKE/GOODMAN

MARCO TASSARA,

Plaintiff,

v.

KILOL KIJAKAZI, Commissioner of
Social Security,

Defendant.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

THIS MATTER is before me upon the Report and Recommendation ("R&R") of the Honorable Jonathan Goodman, U.S. Magistrate Judge (ECF No. 27), regarding the Parties' Cross-Motions for Summary Judgment. ECF Nos. 23 and 24.

In his R&R, Judge Goodman recommends that I: 1) grant Plaintiff's Summary Judgment Motion; 2) deny Defendant's Summary Judgment Motion; 3) reverse the ALJ's decision; and 4) and remand this case for further proceedings pursuant to 42 U.S.C. § 405(g), with instructions to the ALJ to: (a) address the inconsistency between her determination of a marked limitation in interacting with others and her RFC finding permitting frequent interaction with supervisors, coworkers, and the public; (b) further address, if the ALJ so chooses, the symptoms caused by Plaintiff's mental impairments; (c) address, if the ALJ so chooses, the views of the State agency psychological consultants in a hypothetical to the VE or in her substantive discussion; and (d) resolve the three-day versus thirty-day discrepancy in the hearing transcript by either including a substantive discussion or by posing a new hypothetical to the VE.

The parties have not filed Objections to the R&R, and the time to do so has passed. I have reviewed Plaintiff's Motion, the briefing and accompanying exhibits, Judge Goodman's R&R, the record, and the relevant legal authorities. Having done so, I find Judge Goodman's R&R to be clear, cogent, and compelling.

Accordingly, Judge Goodman's R&R (ECF No. 27) is **AFFIRMED and ADOPTED** as the Order of this Court. It is therefore **ORDERED and ADJUDGED** as follows: 1) Plaintiff's Summary Judgment Motion is **GRANTED**; 2) Defendant's Summary Judgment Motion is **DENIED**; 3) the ALJ's decision is **REVERSED**; and 4) this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), for the ALJ to: (a) address the inconsistency between her determination of a marked limitation in interacting with others and her RFC finding permitting frequent interaction with supervisors, coworkers, and the public; (b) further address, if the ALJ so chooses, the symptoms caused by Plaintiff's mental impairments; (c) address, if the ALJ so chooses, the views of the State agency psychological consultants in a hypothetical to the VE or in her substantive discussion; and (d) resolve the three-day versus thirty-day discrepancy in the hearing transcript by either including a substantive discussion or by posing a new hypothetical to the VE.

**DONE and ORDERED** in Chambers at Miami, Florida, this 28th day of April 2022.

*Marcia G. Cooke*
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Jonathan Goodman, U.S. Magistrate Judge*
*Counsel of record*