UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-cv-23103-BLOOM/Goodman

MARCO TASSARA,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

**ORDER ADOPTING IN PART MAGISTRATE JUDGE'S**
<u>**REPORT AND RECOMMENDATION**</u>

**THIS CAUSE** is before the Court upon Plaintiff Marco Tassara's Motion for Attorney Fees Under the Equal Access to Justice Act, ECF No. [29] ("Motion"). Defendant Commissioner of Social Security filed a Response in Opposition, ECF No. [30], to which Plaintiff did not file a reply. The Motion was referred to United States Magistrate Judge Jonathan Goodman for a Report and Recommendation, ECF No. [32]. On April 7, 2023, Judge Goodman issued a Report and Recommendation, ECF No. [33] ("R&R"), recommending that Plaintiff's Motion be granted in part to award a reduced sum of attorneys' fees. *See id.* at 8. The R&R advised the parties that objections to the R&R must be filed within fourteen (14) days of the R&R. *Id.* Plaintiff thereafter timely filed Objections to the Magistrate Judge's R&R, ECF No. [34] ("Objections"). Defendants did not file a Response to Plaintiff's Objections.

The Court has conducted a *de novo* review of the R&R, the Objections, and the record in this case in accordance with 28 U.S.C. § 636(b)(1)(C). *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). For the reasons set forth below, the Court adopts the R&R in part and rejects it in part.

## I. BACKGROUND

On July 27, 2020, Plaintiff filed the instant case seeking review of a final decision of the Commissioner of Social Security, ECF No. [1]. Plaintiff and Defendant filed their own Motions for Summary Judgment, ECF Nos. [23]-[24]. Judge Goodman issued a Report and Recommendation recommending that summary judgment be granted in favor of Plaintiff. ECF No. [27]. The Court adopted the Report and Recommendation and granted summary judgment in favor of Plaintiff. ECF No. [28].

Plaintiff, as the prevailing party, filed his Motion for Attorneys' Fees under the Equal Access to Justice Act. ECF No. [29]. Defendant filed a Response objecting to the number of attorney hours claimed as unreasonable. ECF No. [30]. The Motion was referred to Judge Goodman for an R&R. ECF No. [32]. On April 7, 2023, Judge Goodman issued an R&R recommending Plaintiff's motion be granted in part to award Plaintiff the requested fees less a 25 percent reduction for hours spent on the Motion for Summary Judgment and Motion for Attorneys' Fees. ECF No. [33] at 8.

Plaintiff timely filed his Objections to the R&R in which he objects to the recommendation that the total attorneys' fees be reduced. Plaintiff argues that the time expended was reasonable and the recommended 25 percent reduction in hours was unwarranted. *See* ECF No. [34] at 4.

## II. LEGAL STANDARD

### A. Objections to Magistrate Judge's R&R

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822

(11th Cir. 1989)) (alterations omitted). The objections must also present "supporting legal authority." S.D. Fla. L. Mag. J.R. 4(b). The portions of the report and recommendation to which an objection is made are reviewed *de novo* only if those objections "pinpoint the specific findings that the party disagrees with." *United States v. Schultz*, 565 F.3d 1353, 1360 (11th Cir. 2009); *see also* Fed. R. Civ. P. 72(b)(3). If a party fails to object to any portion of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999)); *see also Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001). "It is improper for an objecting party to ... submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to an R & R." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). A district court may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1).

**B.  Reasonable Attorneys' Fees**

"[T]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckhart*, 461 U.S. 424, 434 (1983). "This amount is ordinarily referred to as the lodestar." *Thornton v. Wolpoff & Abramson, L.L.P.*, 312 F. App'x 161, 163-64 (11th Cir. 2008) (citations and internal quotations omitted). The resulting fee carries a presumption that it is reasonable. *Blum v. Stenson*, 465 U.S. 886 (1984). This lodestar amount may then be adjusted upward or downward based upon other considerations. *Hensley*, 461 U.S. at 433-37. Plaintiff bears

the burden of documenting the reasonableness of the hours expended and the hourly rate. *A.C.L.U. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999).

### III. DISCUSSION

As an initial matter, the parties did not object to the finding that Plaintiff is entitled to attorneys' fees or that Plaintiff's counsel charged a reasonable hourly rate. The Court has reviewed and adopts both of those findings.

Plaintiff objects to the recommended 25 percent reduction to the time spent on Plaintiff's Motion for Summary Judgment and the Motion for Attorneys' Fees. Plaintiff also "requests compensation for the additional 5.1 hours of attorney time spent preparing these objections." ECF No. [34] at 10. The Court addresses in turn the reasonableness of the time spent on the Motion for Summary Judgment, the Motion for Attorneys' Fees, and the Objections to the R&R.

#### C. Hours Spent on Motion for Summary Judgment

Plaintiff argues that his counsel expended a reasonable number of hours reviewing and notating a lengthy 1,315-page transcript and efficiently presenting a 13-page brief. In his Motion, Plaintiff cites to multiple cases where his attorney spent comparable amounts of time on similar cases with varying record lengths that were approved by the court. ECF No. [29] at 12-13. Defendant argues that the time spent was unreasonable and cites to cases pointing out that "most EAJA petitions for a regular Social Security case are in the range from 20-30 hours total." ECF No. [30] at 3. Defendant does not specifically cite any authority showing a reasonable number of hours spent on a summary judgment motion in a comparable case in a comparable market. *See id*.

The billing records reflect that Plaintiff requests compensation for a total of 26.5 hours for time spent preparing his Motion for Summary Judgment. The Court does not find support for Defendant's position that 30 hours is the maximum number of hours reasonably expended

litigating a social security appeal. Multiple recent cases from this district found requests for more than 30 hours in attorneys' fees reasonable. *See Martinez v. Comm'r of Soc. Sec.*, No. 20-CV-22812, 2023 WL 1867721, at *4 (S.D. Fla. Jan. 11, 2023), *report and recommendation adopted sub nom. Martinez v. Comm'r of Soc. Sec. Admin.*, No. 20-CV-22812, 2023 WL 1864423 (S.D. Fla. Feb. 9, 2023) (finding "51.3 hours, which consists of 47.7 hours expended in litigating this action and 3.6 hours expended litigating fees, is a reasonable amount of hours under the circumstances."); *Lee v. Comm'r of Soc. Sec.*, No. 21-CV-80677, 2023 WL 399804, at *3 (S.D. Fla. Jan. 10, 2023), *report and recommendation adopted,* No. 21-CV-80677, 2023 WL 399849 (S.D. Fla. Jan. 25, 2023) (finding 37 hours reasonable); *Jimenez v. Kijakazi*, No. 20-CV-25178, 2022 WL 18356254, at *1-2 (S.D. Fla. Dec. 30, 2022), *report and recommendation adopted,* No. 20-CV-25178, 2023 WL 199366 (S.D. Fla. Jan. 17, 2023) (finding 38 hours reasonable). Considering the volume of the record in this case, and Plaintiff's success litigating the Motion for Summary Judgment, the Court finds that no reduction is necessary to the 26.5 hours spent preparing Plaintiff's Motion for Summary Judgment.

### D. Hours Spent on Motion for Attorneys' Fees

Plaintiff also requests compensation for 9.9 hours spent preparing the Motion for Attorneys' Fees. Plaintiff objects to Judge Goodman's recommendation that the time spent preparing the Motion for Attorneys' Fees be reduced by 25 percent. Plaintiff argues that "Plaintiff's original request for 2.7 hours for drafting the fee motion was entirely in line with the Commissioner's assertion that 'Various courts have reduced requested fee awards for the preparation of EAJA petitions to between 30 minutes and 2.5 hours.'" ECF No. [34] at 7 (quoting ECF No. [30] at 5). Plaintiff argues that his counsel, after receiving objections to the original fee motion, expended an additional 7.7 hours revising the fee motion.

5

In this district, courts typically award between one and four hours for time spent on motions for attorneys' fees in EAJA cases. *See Martinez*, 2023 WL 1867721, at *4 (finding 3.6 hours for work performed litigating fees reasonable); *Cullum v. Kijakazi*, No. 21-CV-14086, 2022 WL 597499, at *2 (S.D. Fla. Feb. 11, 2022), *report and recommendation adopted,* 21-CV-14086, 2022 WL 594829 (S.D. Fla. Feb. 28, 2022) (approving 2.3 hours preparing the fee petition). The Court recognizes that Plaintiff's counsel expended significant additional time, 7.2 hours, researching cases and providing authority when the Commissioner indicated opposition to the original draft of Plaintiff's Motion for Attorneys' Fees. Considering the significant additional research and drafting, the Court still finds the amount of time spent excessive compared to the time spent drafting comparable motions in comparable cases. The Court therefore agrees with the recommendation in the R&R and reduces the time spent on the Motion for Attorneys' fees by 25 percent.

### E.  Hours Spent Preparing Objections to R&R

Plaintiff requests an additional 5.1 hours for time preparing the Objections. Plaintiff argues that "to the extent this Court does not adopt the Magistrate's recommendations in full, Plaintiff is due compensation for time spent defending the fee motion." ECF No. [34] at 11. Consistent with the time typically awarded on motions for attorneys' fees in similar cases, and Plaintiff's partial success in objecting to the R&R, the Court finds that 2.5 hours spent preparing Objections to the R&R was reasonable. Accordingly, the Court awards Plaintiff an additional 2.5 hours at a rate of $231.49.[1]

---

[1] Plaintiff did not submit a proposed 2023 rate, so the Court applies the approved 2022 rate.

IV. **CONCLUSION**

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1. The R&R, **ECF No. [33]**, is **ADOPTED IN PART**.

2. Plaintiff's Objections, **ECF No. [34]**, are **SUSTAINED IN PART AND OVERRULED IN PART**.

3. Plaintiff's Motion, **ECF No. [29]**, is **GRANTED IN PART AND DENIED IN PART** as follows:

    a. Plaintiff is entitled to recover **$9,299.27** in attorneys' fees.

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 19, 2023

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record